THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:15-cv-00136-MR

| | |
|---|---|
| CHRISTOPHER L. BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Plaintiff's Application for Attorney Fees under the Equal Access to Justice Act [Doc. 15].

The Plaintiff seeks an award in the amount of $6,785.32 in full satisfaction of any and all claims by the Plaintiff in this case pursuant to EAJA. [Doc. 15]. The Defendant does not oppose the award of a reasonable fee but seeks a reduction in the hours requested. [Doc. 16]. The Defendant further requests that any EAJA award be paid to the Plaintiff as the prevailing party and not to Plaintiff's counsel. [Id.].

Specifically, the Defendant argues that Plaintiff's counsel's billing records include numerous entries for tasks that are purely clerical or secretarial in nature. [Doc. 16 at 3]. Having reviewed the Plaintiff's billing

records, the Court concludes that the claimed tasks are not objectionable and that the entries are not duplicative or excessive. Accordingly, in the exercise of its sound discretion, see Hensley v. Eckerhart, 461 U.S. 424, 437 (1983), the Court will approve the Plaintiff's Application as submitted without reduction. Accordingly, in light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that her position was substantially justified or that special circumstances exist that would render an award of attorney's fees unjust, the Court concludes that the Plaintiff is entitled to an award of attorney's fees in the amount of $6,785,32 under the EAJA.

     The Plaintiff requests that the EAJA award be paid directly to Plaintiff's counsel as his assignee. In support of this request, the Plaintiff has submitted an assignment executed by the Plaintiff, pursuant to which the Plaintiff has agreed to assign any EAJA fee award in favor of his counsel. [Doc. 15 at 9]. The Court finds that the Commissioner should accept this assignment of the awarded fees by the Plaintiff to his attorney and upon receipt of such assignment, the Commissioner will pay that award of fees directly to Plaintiff's counsel, provided that it is shown that as of the date of this Order, the Plaintiff does not owe any debt to the United States

Government which is subject to offset. See <u>Astrue v. Ratliff</u>, 560 U.S. 286 (2010).

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's Application for Attorney Fees under the Equal Access to Justice Act [Doc. 15] is hereby **GRANTED**, and the Plaintiff is hereby awarded attorney's fees in the amount of Six Thousand Seven Hundred Eighty-Five Dollars and Thirty-Two Cents ($6,785.32), which sum is in full satisfaction of any and all claims by the Plaintiff in this case pursuant to 28 U.S.C. § 2412(d);

(2) The Commissioner shall inform Plaintiff's counsel whether the Plaintiff owes a debt to the Government by which this fee award may be offset no later than thirty (30) days from entry of this Order. Within the same time period, the Plaintiff shall provide a valid fee assignment to the Defendant;

(3) In the event that past-due benefits are awarded on remand, the Plaintiff shall have sixty (60) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b); and

(4) No additional Petition pursuant to 28 U.S.C. § 2412(d) may be filed.

**IT IS SO ORDERED.**

Signed: December 15, 2016

Martin Reidinger
United States District Judge